UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMANDA ANOAI, in her
individual capacity and as
next friend of her minor
child J.A.,

           Plaintiff,

     v.

MILFORD EXEMPTED SCHOOL
DISTRICT, et al.,

           Defendants.

NO. 1:10-CV-00044

**OPINION & ORDER**

This matter is before the Court on Defendants Chin, Farrell and Milford Exempted School District's Motion to Dismiss (doc. 4), Defendants Bothe and Boys' Motion to Dismiss Plaintiff's Federal Claims (doc. 9), and the respective memoranda in response and reply (docs. 11, 12, 15, 19). For the following reasons, the Court grants in part and denies in part each of Defendants' motions (docs. 4 & 9).

## I. Background

This case arises from an incident at an elementary school where teachers subjected a male student with long hair to ridicule and humiliation. The following facts come from Plaintiff's complaint, and, for the purposes of the instant motions, are taken to be true. Plaintiff's son, J.A., was a sixth-grade student at Boyd E. Smith Elementary School within the bounds of Defendant Milford Exempted School District (doc. 1). Defendant Bothe was the

only sixth-grade language arts teacher, and J.A. was a student in her class (Id.).  Defendant Boys was a teacher's aide in the classroom (Id.).  On or about September 29, 2009, Defendant Bothe asked J.A. to deliver a message to a kindergarten teacher, and, while he was out of the room, Defendant Bothe told her class she was going to pull a prank on J.A. (Id.).

Upon his return to class, J.A. was subjected to Defendant Boys approaching him from behind with a pair of operable mechanical hair clippers, which Boys used to pretend to cut J.A.'s hair off (Id.).  Bothe then grabbed J.A.'s hair and put it in three ponytails, one above each ear and one on top (Id.).  She then introduced J.A. to her class as a new student with a female name, and the other students laughed (Id.).  Boys then walked J.A. over to the other sixth grade classrooms to do the same; J.A. attempted to remove one of the ponytails but Boys told him to leave them in (Id.).  Boys then forced J.A. to show the sixth grade his ponytails (Id.).  A majority of his classmates subsequently referred to J.A. as "girl," "pigtails," or "ponytails" (Id.).  Plaintiff informed Defendants Farrell and Chin, the Superintendent and Principal respectively, of what had transpired, and they took little to no corrective action (Id.).  Because Bothe was the only language arts teacher at the school, J.A. could not seek refuge in a different classroom (Id.).

The event caused J.A. and Plaintiff extreme emotional

2

distress, and Plaintiff brought the instant action, alleging violations of 42 U.S.C. § 1983, 20 U.S.C. § 1681 et seq., and the Equal Protection Clause of the United States Constitution, as well as state-law claims of intentional infliction of emotional distress, negligence, assault and battery (Id.).  Defendants move the Court to dismiss the complaint, contending that Plaintiff has failed to state a claim upon which relief can be given.  The motions are ripe for the Court's consideration.

## II.  The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell

3

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under

4

some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), quoting <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

## III.  Discussion

In Count IV. A, Plaintiff claims that Defendants Bothe and Boys violated 42 U.S.C. § 1983 by depriving her of her "rights, privileges, and immunities secured by the Constitution and laws of the United States and the State of Ohio" (doc. 1).  In Count IV. B, Plaintiff claims that they "directly and proximately caused Plaintiffs to be excluded from participation in, be denied the benefits of, or be subjected to discrimination under an educational program receiving federal assistance, on the basis of sex," in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. (<u>Id</u>.).  And, in Count IV. C, Plaintiff

claims that, "by failing to take decisive and appropriate remedial measures against known perpetrators of the offensive gender-based harassment," Defendants violated J.A.'s equal protection rights (<u>Id</u>.).

In addition to those federal claims, Plaintiff presents the following state-law claims: intentional infliction of emotional distress based on the "intentional acts of Defendants Bothe and Boys and the deliberate omissions of Defendants Milford School District, Farrell, and Chin;" negligence based on breaching the duty to provide a "safe and appropriate educational environment for J.A.;" assault against Defendant Boys based on her approaching J.A. with mechanical hair clippers and threatening to cut his hair; and battery against Defendant Bothe based on her grabbing J.A.'s hair and putting it in three ponytails (<u>Id</u>.).

## A. Defendants Chin, Farrell and Milford Exempted School District

Defendants contend that Plaintiff has merely recited the elements of the various federal claims but has not pled facts sufficient to support them and that they are either entitled to immunity from Plaintiff's state-law claims or Plaintiff has failed to allege facts sufficient to support the claims (doc. 4, citing <u>Iqbal</u>, 129 S.Ct. 1937; <u>Twombly</u>, 550 U.S. 544). Plaintiff contends that the complaint sets forth allegations regarding all of the material elements of the claims to sustain recovery under some viable legal theory (doc. 11, citing <u>Leisure v. Hogan</u>, 21 Fed.

6

Appx. 277, 278 (6th Cir. 2001)).

The Court notes that Defendants rely on Iqbal and Twombly for their motion to dismiss, and Plaintiff does not even mention these cases, let alone attempt to argue how they do not serve to defeat the complaint at issue here.  The Court finds this omission stunning and is confounded as to why Plaintiff would exclusively rely on and cite to Leisure v. Hogan, an unpublished Sixth Circuit case from 2001 relying on a Sixth Circuit case from 1988, which itself relied on Conley v. Gibson's "no set of facts" language, which was expressly abrogated by Twombly.  See Twombly, 550 U.S. at 562-63.  Indeed, Plaintiff completely ignores Iqbal and Twombly, Supreme Court cases decided in 2009 and 2007 respectively.  The Court, however, shall not ignore such authority.  However, the Court does not find that Iqbal and Twombly serve to defeat Plaintiff's complaint in its entirety and addresses each claim below.

### 1. The 1983 & Equal Protection Claims

As to Plaintiff's Section 1983 claim, Defendants contend that the complaint does not identify what rights, privileges and immunities secured by the Constitution they supposedly violated. In addition, Defendant Milford Exempted particularly notes that the complaint fails to allege any policy or custom that caused the injury, which is required for a Section 1983 claim against a municipality (doc. 4, citing Monell v. Dep't of Soc. Servs., 436

7

U.S. 658, 690-91 (1978)).  Defendants Farrell and Chin contend that Plaintiff's complaint appears to allege that they are liable under Section 1983 for failure to supervise but that Plaintiff does not allege any facts supporting such a claim (<u>Id</u>.).  They note that the only allegation made relating to them is that they were contacted by Plaintiff after the incident and took no corrective action (<u>Id</u>.).  This, they argue, insufficiently states a claim for Section 1983 relief (<u>Id</u>.).

Plaintiff contends that the complaint identifies equal protection and substantive due process rights as the federal rights Defendants deprived J.A. of (doc. 11).  Further, Plaintiff argues that the complaint sets forth inferential allegations for the material elements of a Section 1983 claim–that Defendants acted under color of law and that their conduct deprived Plaintiff of rights secured under federal law–and Defendants therefore have fair notice of the basis of Plaintiff's claims (<u>Id</u>., citing <u>Leisure</u>, 21 Fed. Appx. at 278).

In addition, Plaintiff contends that the complaint does not base the Section 1983 claim against Defendants Chin, Farrell and Milford Exempted under a respondeat superior theory but, instead, on the theory that the actions of Bothe and Boys were implicitly authorized, approved or knowingly acquiesced to because no corrective action was taken, leaving J.A. to return to that same classroom, and that Milford Exempted tolerated a custom that led to

8

the deprivation of J.A.'s rights (Id.).

Section 1983, by itself, is not a source of substantive rights; instead, it is a vehicle by which plaintiffs may vindicate independent constitutional or federal statutory rights. Braley v. City of Pontiac, 906 F.2d 220, 223 (6th Cir. 1990). Although it is inartfully drafted, Plaintiff's complaint can be read to seek vindication of J.A.'s equal protection and substantive due process rights.

The Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." TriHealth, Inc. v. Bd. of Comm'rs, Hamilton County, Ohio, 430 F.3d 783, 788 (6th Cir. 2005). Regarding substantive due process, like all individuals, public school students have a Fourteenth Amendment liberty interest in freedom from bodily injury. Webb v. McCullough, 828 F.2d 1151, 1158 (6th Cir.1987). To survive this motion on the issue of whether these Defendants violated J.A.'s Fourteenth Amendment substantive due process rights, Plaintiff must set forth factual allegations in the complaint from which the Court may plausibly infer that "the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane

9

abuse of official power literally shocking to the conscience." Id.; Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 699 (6th Cir. 2006).

Defendants claim first that they cannot determine what the claim is alleging because it merely recites the elements of an Equal Protection claim but no factual allegations are made to support the claim (Id.). Defendants contend that Plaintiff has presented no facts from which a court could plausibly infer that J.A. was treated differently because of his sex or that similarly-situated female students were treated more favorably than he, nor, they contend, has Plaintiff presented any facts at all supporting an allegation that Defendants Farrell, Chin and Milford Exempted engaged in intentional discrimination, which, Defendants maintain, is the only type of discrimination prohibited by the Equal Protection clause (Id., citing Washington v. Davis, 426 U.S. 229 (1976)).

Plaintiff argues that the complaint does set forth adequate factual allegations to support an inference of an equal protection violation because it alleges that Defendants deliberately and intentionally failed to take remedial measures with respect to the gender discrimination J.A. suffered (doc. 11). In addition, Plaintiff notes first that the complaint indicates that J.A. was the only male student harassed about his hair and, second, that a complaint need not include allegations regarding

10

every aspect of a <u>prima</u> <u>facie</u> case in order to survive a motion to dismiss (<u>Id</u>., citing <u>Pringle v. American Red Cross</u>, 79 Fed. Appx. 185, 185 (6th Cir. 2003)).[1]

      As <u>Iqbal</u> instructs, the Court first identifies the legal conclusions contained in the complaint, which are not entitled to an assumption of truth.  <u>Iqbal</u>, 129 S.Ct. at 1950.  Here, the statement that Defendants, "through their actions and acting under color of law, subjected Plaintiff, and caused Plaintiff to be subjected to the deprivations of her rights, privileges, and immunities secured by the Constitution and laws of the United States and the State of Ohio,"  is clearly a legal conclusion. This statement alone would not be enough to survive a motion to dismiss.  However, Plaintiff has also set forth the following relevant factual allegations with respect to Defendants Farrell, Chin and Milford Exempted: that Chin and Farrell were aware that J.A.'s sibling had recently died; that Plaintiff made them aware of what Bothe and Boys had done to J.A.; that they took "no corrective action or minimal action;" and that, because Bothe was the only language arts teacher, J.A. was forced to return to that classroom (doc. 1).

_____

      [1]  The Court is compelled to note here that Plaintiff once again relies on case law that predates <u>Iqbal</u> and <u>Twombly</u>. <u>Pringle</u>, an unpublished case from 2003, expressly relied on <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002), which was abrogated by <u>Iqbal</u> and <u>Twombly</u>.  Again, the Court finds troubling Plaintiff's reliance on case law that is no longer instructive.

These factual allegations are entitled to an assumption of veracity, so the question then becomes whether "they plausibly give rise to an entitlement of relief." <u>Iqbal</u>, 129 S.Ct. at 1950. By the slimmest of margins, they do as to the equal protection claim. From these facts, the Court can plausibly infer that these Defendants did not take corrective action and effectively forced J.A. to return to the classroom of the offending teacher because they were motivated by gender animus, which could constitute a violation of J.A.'s equal protection rights. J.A. was the only male student harassed about his hair and paraded about as a girl, a fact from which one can plausibly infer that the motivation was J.A.'s gender non-conformity. <u>See</u>, <u>e.g.</u>, <u>Smith v. City of Salem, Ohio</u> 378 F.3d 566, 575 (6th Cir. 2004). Even if J.A. were not targeted because of his gender non-conformity, the Court could plausibly infer that he was a "class of one," intentionally treated differently from the similarly-situated boys in his class with no rational basis for the difference in treatment. <u>See</u>, <u>e.g.</u>, <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000); <u>Rondigo, L.L.C. v. Casco Tp., Mich.</u>, 330 Fed.Appx. 511, 519 (6th Cir. 2009). Defendants Chin and Farrell took no action to protect J.A. from this disparate treatment, and they created a situation that virtually ensured that he would suffer further humiliation. The allegations against Defendants Chin and Farrell therefore "plausibly give rise to an entitlement of relief" for an equal

12

protection claim.

As to Defendant Milford Exempted, however, the Court finds that Plaintiff has failed to set forth any factual allegations supporting an inference that the school district had a policy or custom that resulted in the deprivation of J.A.'s rights. Plaintiff argues that the facts that Defendants Chin and Farrell took no or minimal corrective action against the teachers, that the actions took place in the open throughout the school, and that J.A. had to return to the offending teacher's classroom are sufficient to imply that the school district had a custom that resulted in the deprivation of J.A.'s rights. However, to succeed in a claim against the school district itself, Plaintiff must show that the district itself is the wrongdoer and must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [J.A.'s] particular injury was incurred due to the execution of that policy." Turner v. City of Taylor, 412 F.3d 629, 639 (6th Cir. 2005)(internal quotation marks and citation omitted); Vereecke v. Huron Valley School Dist., 609 F.3d 392, 403 (6th Cir. 2010). A "custom" must "be so permanent and well settled as to constitute a custom or usage with the force of law." Monell, 436 U.S. at 691. Although Plaintiff need not present a fully-developed factual record at the pleading stage, the complaint is completely bereft of any factual allegations from which one could reasonably infer that Defendant Milford Exempted

13

had any type of well-settled policy that caused J.A.'s alleged injury.  Therefore, Defendant Milford Exempted is entitled to dismissal of Plaintiff's 1983 claims against it.  See Iqbal, 129 S.Ct. at 1949.

With respect to a substantive due process claim, Plaintiff has offered no factual allegations supporting a claim that these Defendants violated J.A.'s right to bodily integrity, let alone that they did so "inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Webb, 828 F.2d at 1158.

Consequently, to the extent Plaintiff's 1983 claim is based on a deprivation of the rights secured by the due process clause of the Fourteenth Amendment, Defendants' motion is granted. However, to the extent Plaintiff's 1983 claim is based on a deprivation of rights secured by the equal protection clause of the Fourteenth Amendment, Defendants' motion is denied as to Defendants Chin and Farrell.  But because Plaintiff has failed to aver facts from which the Court could reasonably infer that Defendant Milford Exempted had a well-settled custom or policy that caused J.A.'s alleged injuries, the motion is granted as to Plaintiff's 1983 claim against Defendant Milford Exempted.

## 2.  The Title IX Claim

As an initial matter, Title IX provides that "[n]o person

in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Defendants Chin, Farrell and Milford Exempted School District assert that in order to establish a prima facie case of abuse, Plaintiff must establish that (1) J.A. was "subjected to [] abuse by the intentional conduct of a school employee and that the harassment was so severe, pervasive and subjectively offensive[2] that it could be said to deprive [him] of access to the education opportunities or benefits provided by the school;" (2) a district official had actual notice that the employee "posed a substantial risk of abuse to children in the district;" and (3) the district was deliberately indifferent to that risk (Id., citing Williams v. Paint Valley Local Sch. Dist., 400 F.3d 360, 364 (6th Cir. 2005)).

Defendants contend that Plaintiff has merely recited the elements of a Title IX claim but has failed to present factual allegations that, for example, any district official had actual notice that Defendants Boys and Bothe posed a substantial risk to children in the district or that Defendant Milford Exempted was deliberately indifferent to such risk (Id.). Consequently,

---

[2] The Court notes that the proper standard is actually "objectively" not "subjectively" offensive. See, e.g., Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 631 (1999).

Defendants argue that Plaintiff failed to set forth a prima facie case of a Title IX violation.

Plaintiff again cites Leisure for the proposition that a complaint need only contain inferential allegations regarding the material elements of a claim to sustain a recovery under some viable legal theory and contends that the complaint here does that with respect to Title IX (doc. 11). Plaintiff argues that the complaint alleges inaction and a failure to take remedial action because it alleges that Defendants were immediately informed of the actions committed by Defendants Bothe and Boys, took no or minimal corrective action, and J.A. was required to return to that same classroom (Id.).

To the extent Plaintiff alleges Title IX violations against the individual Defendants Chin and Farrell, the instant motion is granted because individuals are not liable under Title IX. Fitzgerald v. Barnstable School Committee, 129 S.Ct. 788, 796 (2009)("Title IX reaches institutions and programs that receive federal funds, 20 U.S.C. § 1681(a)...but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals.").

As against Defendant Milford Exempted, the motion is denied. Plaintiff did set forth factual allegations supporting a claim that the school district acted with deliberate indifference when it was informed of the teachers' conduct, as the complaint

16

alleges that Defendants Chin and Farrell took "no corrective action or minimal action." This is similar to the inaction alleged in Davis, where the Supreme Court reversed a granting of a motion to dismiss where the harassment was reported to school authorities but no disciplinary action was taken in response. See Davis, 526 U.S. at 653-54. Discovery is needed in order to ascertain more about the authorities' response here.

### 3. IIED and Negligence

Regarding Plaintiff's state-law claims, Defendants contend first that Milford Exempted, as a political subdivision, is immune from suit unless the suit falls within the statutory exceptions to the grant of immunity, and, Defendants argue, this does not (Id., citing Hubbard v. Canton City Sch. Bd. of Educ., 780 N.E. 2d 543, 545-46 (Ohio 2002), citing Ohio Rev. Code § 2744.02(A)(1)). As against Defendants Chin and Farrell, Plaintiff's intentional infliction of emotional distress ("IIED") claim fails, according to Defendants, because the complaint does not set forth facts alleging extreme and outrageous conduct since it merely asserts that Defendants Chin and Farrell failed to take significant corrective action against Defendants Bothe and Boys (Id.). With respect to Plaintiff's negligence claim, Defendants again direct the Court to Milford Exempted's political subdivision immunity (Id.). In addition, Defendants contend that Defendants Chin and Farrell, as employees of a political subdivision, are

17

entitled to immunity from liability unless they acted, or failed to act, with malicious purpose, in bad faith or in a wanton or reckless manner (<u>Id</u>., citing Ohio Rev. Code § 2744.03(A)(6)(b)). Here, because Plaintiff has alleged only negligence, Defendants argue they are entitled to immunity.

   In response to Defendants' assertion that Milford Exempted is entitled to statutory immunity on the IIED claim, Plaintiff argues that the Section 2744.02 immunity is not available to Milford Exempted because the "harassment and other actions and omissions committed by Defendants...were not of a governmental or proprietary nature" (doc. 11, citing Ohio Rev. Code § 2744.01(C)). In addition, Plaintiff argues that the facts that Defendants Farrell and Chin were informed of what happened, knew that J.A.'s sibling had recently died, took no corrective action against Defendants Bothe and Boys, and allowed J.A. to return to that classroom serve to set forth sufficient allegations that Defendants engaged in extreme and outrageous conduct (<u>Id</u>.). Plaintiff makes the same argument in response to the negligence claim, that Defendants are not statutorily immune because Defendants' actions and omissions were not governmental or proprietary functions (<u>Id</u>., citing Ohio Rev. Code § 2744.01(C)(1-2) and (G)(1-2)).

   Essentially, Plaintiff reads the relevant sections of the Ohio Revised Code to mean that immunity is only available to political subdivisions and their employees when the acts or

omissions <u>themselves</u> fit within the definition of "governmental or proprietary functions." Plaintiff cites to no authority for this interpretation of the statute, and such an interpretation cannot withstand any level of scrutiny. Even a superficial reading of the statute and a cursory look into the case law addressing the relevant statutes, including the only case Plaintiff cites to, demonstrate that Plaintiff misapprehends the statutes at issue here. <u>See</u> <u>Terry v. Ottawa Cty. Bd. of Mental Retardation & Development</u>, 783 N.E.2d 959, 962 (Ohio Ct. App. 2002)(rejecting the argument that because defendant allegedly engaged in an intentional tort defendant was not performing either a governmental or proprietary function because such an argument confuses "tort" with "function").

To be clear, the concepts of "governmental function" and "proprietary function" do not relate to allegations forming the basis of a suit but, instead, to whether the entity itself is engaged in a governmental function or a proprietary function. <u>See</u> Ohio Rev. Code § 2744.02(A)(1)("For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental and proprietary functions. Except as provided [below], a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in

19

connection with a governmental or proprietary function."); see also
Doyle v. Akron, 662 N.E.2d 825 (Ohio Ct. App. 1995)(operation of
park for camping was "governmental function" not "proprietary
function" so city was immune from negligence claim where camper
fatally stabbed fellow camper); Taylor v. Boardman Twp. Local Sch.
Dist. Bd. of Educ., 2009-Ohio-6528, 2009 WL 4758818 (Ohio Ct. App.
2009)(district's provision of lunches to students was "governmental
function" not "proprietary function" so negligence claim for
providing lunch contaminated with ants was barred by statutory
immunity); Miller v. Van Wert Cty. Bd. of Mental Retardation & Dev.
Disabilities, 2009-Ohio-5082, 2009 WL 3068807 (Ohio Ct. App.
2009)(statutory immunity applied to prevent negligent supervision
claim where bus driver failed to ensure student was not left on
school bus because exception to immunity for negligent operation of
motor vehicle did not apply); and Alden v. Kovar, 2008-Ohio-4302,
2008 WL 3892181 (Ohio Ct. App. 2008)("The Board's responsibility to
provide an education is a governmental, rather than a proprietary,
function.").

By necessary implication, Plaintiff's interpretation of
the statute would require that these cases be read to mean that
leaving a child on a school bus (Miller), serving lunch
contaminated with ants (Taylor), and failing to prevent a fatal
stabbing (Doyle) are themselves governmental or proprietary
functions.  Clearly, such a reading leads to absurd results.  By

20

statute, the provision of a public education system is a "governmental function," see Ohio Rev. Code § 2744.01(C)(2)(c), and Defendant Milford Exempted was, at all times relevant to this action, engaged in the provision of public education. The remaining Defendants were likewise at all relevant times acting, or allegedly failing to act, in connection with the provision of public education, a governmental function.

Defendant Milford Exempted is therefore entitled to immunity on the IIED claim, and all three Defendants are entitled to immunity on the negligence claim, unless any of the statutory exceptions to the immunity applies. See, e.g., Terry, 783 N.E.2d at 962 ("The definition of a "governmental function"...expressly includes the operation of mental retardation or developmental disabilities facilities [and] MRDD was engaged in this governmental function when the alleged injuries to appellants occurred and is, consequently, generally immune from suits based upon tort claims. The alleged tortious act, that is, the employer intentional tort, must therefore meet one of the enumerated exceptions to the grant of general immunity.").

As to the IIED claim against Defendant Milford Exempted, Plaintiff expressly states that "the acts described within the Complaint...do not fall within any of the five listed exceptions to that political subdivision immunity." As to the negligence claim against all three Defendants, Plaintiff expressly states the

"actions and omissions do not fall within the immunity exceptions listed in Ohio Rev. Code § 2744.02(B)." The Court will not engage in a sua sponte combing of the record to disprove Plaintiff's own position or otherwise make Plaintiff's case. Plaintiff has not shown that any of the statutory exceptions applies. Therefore, granting the motion as to Defendant Milford Exempted on the IIED claim and all three Defendants as to the negligence claim is appropriate.

Regarding the IIED claim against Defendants Chin and Farrell, Plaintiff simply has not averred factual allegations sufficient to support a reasonable inference that they committed intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress in Ohio, a plaintiff must allege that: (1) the defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to the plaintiff; (2) defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and (4) plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it. Ekunsumi v. Cincinnati Restoration, Inc., 698 N.E.2d 503, 506 (Ohio Ct. App. 1997). Regarding the "outrageous and extreme conduct" element, the

22

Ohio Supreme Court has stated that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community...The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities...There is no occasion for the law to intervene in every case where some one's feelings are hurt." <u>Yeager v. Local Union 20</u>, 453 N.E.2d 666, 671 (Ohio 1983)(internal quotation marks and citation omitted).  Here, Plaintiff's allegation that Defendants Chin and Farrell took "no or minimal corrective action," even knowing that J.A.'s sibling had recently died, simply does not rise to level needed to overcome the high bar for an IIED claim in Ohio, and Plaintiff has provided nothing in response to Defendants' motion to suggest otherwise.

Therefore, for the reasons above, Plaintiff's state-law claims against Defendants Milford Exempted, Chin and Farrell fail, and Defendants' motion is granted as to those claims.

**B.    Defendants Bothe and Boys**

**1. The 1983 & Equal Protection Claims**

Defendants Bothe and Boys argue that Plaintiff has failed to establish that they acted under color of law, a necessary component of a Section 1983 claim, because they read the complaint to contain no factual allegations that Defendants' actions were

23

anything other than a prank (doc. 9). Defendants contend that this merely establishes that they acted "in the ambit of their personal pursuits" and not under color of law (Id., citing Waters v. City of Morristown, TN, 242 F.3d 353, 359 (6th Cir. 2001)).

Defendants further contend that the complaint fails to set forth factual allegations supporting an equal protection claim and that it, at most, sets forth a claim that J.A. was treated unfairly as an individual, not because of his membership in a particular class (Id., citing Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999)).

Plaintiff argues that the "under color of law" requirement is met by the complaint because Defendants' actions were taken under the guise of the teachers' authority and could not have happened without the authority of their office as teachers (doc. 12). As against these Defendants, Plaintiff asserts only that the complaint sets forth a claim for an equal protection violation on the basis of gender discrimination and not also a substantive due process violation as with the other Defendants (Id.). Specifically, Plaintiff points to the fact that J.A. was the only male student harassed about his hair length and introduced as a female student to his peers (Id.). As above, Plaintiff relies on Leisure to support the contention that the complaint need only provide fair notice to Defendants and on Pringle for the contention that the complaint need not allege all of the facts required to

24

support a <u>prima</u> <u>facie</u> case (<u>Id</u>.).

With respect to Defendants' argument that Plaintiff has not sufficiently established that they were operating under color of law, the Court is not persuaded.  Indeed, the case relied on by Defendants cuts against more than it supports them, as <u>Waters</u> involved allegations relating to harassment that took place outside the context of the perpetrator's county position.  <u>See</u> 242 F.3d at 359-60.  Unlike the harasser in <u>Waters</u>, who was "'throwing his weight around' on peripheral matters that did not go to the heart of his harassing conduct," the harassment Defendants are alleged to have subjected J.A. to was done to him on school property, during class time, in front of his peers and other teachers at schools. It was their positions as teachers that gave them the authority to force him to wear his hair that way and to parade him around introducing him as a girl; their positions and the authority those positions convey go very much to the heart of their conduct. <u>Waters</u> expressly distinguished itself from <u>United States v. Lanier</u>, 73 F.3d 1380 (6th Cir. 1996), where the court found that, unlike the perpetrator in <u>Waters</u>, the offender in <u>Lanier</u> "would not have been in the same position to abuse his victims except for his official status as a state-court judge." <u>Waters</u>, 242 F.3d at 360. Here, Defendants indisputably would not have been in the same position to humiliate J.A. except for their positions as teachers. Defendants' argument regarding whether they were operating under

color of law fails.

As was the case with the other Defendants, the Court finds that the complaint, however inartfully, sets forth sufficient factual allegations to survive a motion to dismiss on the Section 1983 claim alleging a violation of the equal protection clause. J.A. was the only male student harassed about his hair and paraded about as a girl, a fact from which one can plausibly infer that the motivation for such harassment was animosity toward J.A.'s gender non-conformity. See Smith, 378 F.3d at 575. Such a claim is a viable claim of gender discrimination in violation of the equal protection clause, notwithstanding Defendants' arguments to the contrary.

The Court thus finds that denial of Defendants' motion as to the Section 1983/Equal Protection claim is appropriate.

### 2. The Title IX Claim

As noted above, individuals cannot be held liable for Title IX violations. See Fitzgerald v. Barnstable School Committee, 129 S.Ct. 788, 796 (2009). In response to Defendants motion, Plaintiff attempts to "recharacterize the Title IX claim as being against the defendant teachers in their official capacities" (doc. 12). First, one cannot simply "recharacterize" one's complaint in a response to a motion to dismiss, and Plaintiff cites no authority that would permit such an attempt. Second, even if the Court were to permit such a thing, it would not help

26

Plaintiff's case, as <u>Fitzgerald</u> expressly recognizes that Title IX does not authorize suits against school officials, teachers and other individuals.  <u>Fitzgerald</u>, 129 S.Ct. at 796.  Plaintiff presents no authority for the proposition that the statute authorizes such suits if the individual is sued in her "official capacity," and neither the text of Title IX nor the supporting regulations supports such a proposition.[3]  Defendants' motion as to Title IX is therefore granted.

### 3.   The State Law Claims

Defendants did not, in their motion, move for dismissal of the state laws claims of IIED, negligence, assault and battery (doc. 9, moving for dismissal of "all of the alleged federal claims arising under the Fourteenth Amendment and 20 U.S.C. § 1681, et seq. asserted against them in Plaintiffs' Complaint").  Consequently, those claims remain viable at this stage in the

---

[3]  Title IX provides, "No person...shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).  "Program or activity" is defined in relevant part as being a "local educational agency, system of vocational education, or other school system."  C.F.R. § 106.2 And "recipient" (one who receives the financial assistance) is defined as "any State or political subdivision thereof, or any instrumentality of a State or political subdivision thereof, any public or private agency, institution, or organization, or other entity, or any person, to whom Federal financial assistance is extended directly or through another recipient and which operates an education program or activity which receives such assistance, including any subunit, successor, assignee, or transferee thereof."

proceedings.

**V.    Conclusion**

For the foregoing reasons, the Court:

DENIES Defendants Chin, Farrell and Milford Exempted School District's Motion to Dismiss (doc. 4) as to the Section 1983/Equal Protection claim against Defendants Chin and Farrell;

DENIES Defendants Chin, Farrell and Milford Exempted School District's Motion to Dismiss as to the Title IX claim against Defendant Milford Exempted;

GRANTS Defendants Chin, Farrell and Milford Exempted School District's Motion to Dismiss as to the Section 1983/Equal Protection claim against Defendants Milford Exempted;

GRANTS Defendants Chin, Farrell and Milford Exempted School District's Motion to Dismiss as to any Section 1983/Substantive Due Process claim;

GRANTS Defendants Chin, Farrell and Milford Exempted School District's Motion to Dismiss as to the Title IX claim against Defendants Chin and Farrell; and

GRANTS Defendants Chin, Farrell and Milford Exempted School District's Motion to Dismiss as to all state-law claims.

Further, the Court:

DENIES Defendants Bothe and Boys' Motion to Dismiss Plaintiff's Federal Claims (doc. 9) as to Plaintiff's Section 1983/Equal Protection claim; and

GRANTS Defendants Bothe and Boys' Motion to Dismiss Plaintiff's Federal Claims as to Plaintiff's Title IX claim.

SO ORDERED.


Dated: January 5, 2011            /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge

28